# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DEBBIE PIERCE** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER 09-7442** |
| **STATE FARM FIRE & CASUALTY COMPANY** | * | **SECTION "L" (4)** |

## ORDER & REASONS

Currently pending before this Court is Plaintiff Debbie Pierce's Motion to Remand to State Court (Rec. Doc. 4). For the following reasons, this motion IS GRANTED.

**I.     BACKGROUND**

This case arises out of property damage that occurred as a result of Hurricane Gustav. The Plaintiff alleges that Hurricane Gustav caused extensive damage through both wind and wind driven rain to her residence located at 636 Wayne Avenue in Westwego, Louisiana. The alleged damage includes roof damage, window damage, and structural damage. According to Plaintiff, at the time of the storm, her property was covered by a homeowners policy issued by Defendant State Farm Fire & Casualty Company.

Plaintiff initially filed suit in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, on October 6, 2009. The petition, as originally filed, also asserted the claims of two other plaintiffs based on damage to two separate properties. Although Louisiana law does not allow a Plaintiff to plead a specific amount of damages, the petition made clear that Plaintiffs sought costs for repair and/or replacement of all damaged property, recovery of depreciation and additional expenses, litigation expenses and penalties, and any other general or equitable relief

available. In addition, the petition stated that "Plaintiffs believe and therefore allege that the damages sought as a result of this pending lawsuit will not exceed $75,000.00 for each distinct property. Further stating, plaintiffs agree to bind themselves and their heirs as well not to pursue damages in excess of the amounts stated herein." The petition did not contain any affirmative renunciation of the right to accept or enforce a judgment in excess of $75,000.

On November 6, 2009, Defendant removed the petition to this Court, asserting that federal jurisdiction was based on 28 U.S.C. § 1332. Three days later, Judge Barbier ordered that plaintiffs' counsel file an amended complaint for each individual property claim contained in the original petition. On November 23, 2009, Plaintiff complied with this order and the amended complaint was allotted here. In the amended complaint, Plaintiff added language specifically renouncing her right to accept or enforce any judgment in excess of $75,000.

## II. PRESENT MOTION

On February 18, 2010, Plaintiff filed the instant Motion to Remand to State Court. In this motion, she argues that the amount in controversy is less than $75,000 and therefore asserts that this Court lacks subject matter jurisdiction to hear the case. In connection with her motion, Plaintiff has submitted a "Binding Stipulation as to Amount in Controversy" in which she again specifically renounces her right to accept or enforce any judgment in excess of $75,000.

Defendant opposes this motion and asserts that in addition to the Plaintiff's policy limits, which alone exceed $75,000, Plaintiff seeks statutory penalties. Thus, they argue that they have satisfied their burden of proving by a preponderance of the evidence that the amount in controversy is more than $75,000. They additionally argue that this Court's jurisdiction must be assessed as of the time of removal and that subsequent stipulations and amendments cannot divest the Court of its' previously established federal jurisdiction.

### III. LAW & ANALYSIS

A motion to remand must be granted "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Generally, the burden of proving that a federal court has subject matter jurisdiction falls upon the removing party. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). The Fifth Circuit has explained that the removal statute should be strictly construed. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Any doubt concerning the basis of jurisdiction should be resolved in favor of remand. *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000). Defendant asserts that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, which provides that district courts have original jurisdiction over any case in which there exists complete diversity of citizenship and the amount in controversy exceeds $75,000.

In analyzing a motion to remand, "we consider the claims in the state court petition as they existed at the time of removal." *Manguno*, 276 F.3d at 723. Where a state court petition does not specifically allege an amount of monetary damages, the defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy meets the statutory requirements. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). A defendant may satisfy this burden by either (1) showing that the petition, on its face, makes it clear that the claim is likely to exceed $75,000; or (2) demonstrating facts that support the conclusion that the claim is likely to exceed $75,000. *Simon v. Wal-Mart Stores, Inc.*, 193 F.2d 848, 850 (5th Cir. 1999).

Once a defendant has satisfied its' burden, plaintiffs can defeat removal only if they can prove to a legal certainty that their claim is actually for an amount less than $75,000. *De*

*Aguilar*, 47 F.3d at 1411-12; *Davis v. State Farm Fire & Cas. Co.*, Case No. 06-0560, 2006 WL 1581272, at *2 (E.D. La. June 7, 2006). One way that a plaintiff may accomplish this is by filing "'a binding stipulation or affidavit with their complaints.'" *De Aguilar*, 47 F.3d at 1412 (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)). A stipulation contained in a complaint will be considered binding if it contains an express waiver by the plaintiff of his right to accept or enforce any judgment in excess of the statutory limit. *See Engstrom v. L-3 Commc'ns Gov't Servs.*, Case No. 04-2971, 2004 WL 2984329, at *4 (E.D. La. Dec. 23, 2004). However, a plaintiff's mere statement in his petition that the amount in controversy is less than $75,000 will not be considered binding upon his recovery. *Warren v. Colonial Life & Accident Ins. Co.*, Case No. 05-788, 2005 WL 1155856, at *4 (E.D. La. 2005).

Although the language in the Plaintiff's petition did not rise to the level of a binding stipulation, it at least created an ambiguity about the Court's jurisdiction at the time of removal. Where the Court's basis for jurisdiction at the time of removal is ambiguous, the Court may consider summary judgment type evidence to determine whether it had jurisdiction at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal."). Considering the ambiguity of Plaintiff's petition in conjunction with the binding stipulation that has since been filed, it is apparent that this Court lacked subject matter jurisdiction over this case at the time of removal. Therefore, the Plaintiff's motion to remand must be granted.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's Motion to Remand (Rec.

Doc. 4) IS GRANTED and this case IS REMANDED to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

New Orleans, Louisiana, this 29th day of April, 2010.

                                                                                          _____
                                                                                         UNITED STATES DISTRICT JUDGE